IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-02103-RM-KLM

THOMAS JAMES DORN,

    Plaintiff,

v.

VERNA CARPENTER, Judge,
JEFFERSON COUNTY COURT, and
CITY AND COUNTY OF DENVER,

    Defendants.

## ORDER DENYING MOTIONS

Plaintiff's action apparently arises after a restraining order was issued against him by Judge Carpenter, a judge with the Jefferson County Court, in favor of Meredith Avery and her minor child, L. Avery.[1] This matter is now before the Court on Plaintiff's three Motions to Court (collectively, "Motions") (ECF Nos. 43, 44, 45). The Court finds no further briefing is required before ruling on the Motions. *See* D.C.COLO.LCivR 7.1(d).

The Court construes Plaintiff's filings liberally because he proceeds *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and he is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status 'does not excuse the obligation of any litigant

---

[1] Plaintiff has filed a separate lawsuit against the Averys which is also pending before this Court.

to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)). But, even after a liberal review, the Court finds no grounds to grant Plaintiff any relief.

Plaintiff's Motions are not a model of clarity. In the first Motion to Court (ECF No. 43), after various allegations about, among other things, the restraining order, Judge Carpenter, the Averys, violations of free speech, and breach of contract, Plaintiff seeks the following relief: (1) the issuance of subpoenas to the NSA and FBI because they allegedly may be blocking his communications; (2) the issuance of a subpoena to "FICO" because there is some dispute about Plaintiff's mortgage; (3) for the Supreme Court to review three questions or issues he has relating to freedom of speech, terrorist activity, and owning a firearm in his home for protection; and (4) awarding him $1,200 in stimulus payments, $933 in unemployment payments, and $224.50 that were allegedly stolen by "them" (collectively, the "Request for Payment").[2] Plaintiff, however, fails to set forth any factual and legal basis to show such relief may or should be granted. The Court has only bare allegations untethered to any claim at issue or legal authority to support the requested relief. This motion is, therefore, denied.

Plaintiff's next two Motions (ECF Nos. 44 & 45) fare no better. The second motion asks this Court to "order or to place a judgment on Jefferson County Court" to pay a bonus which was allegedly "lost from hacking." The third motion merely repeats the Request for Payment made in the first motion. Again, Plaintiff's motion consists of bare allegations and fails to cite to any legal authorities – as there are none – to support the requests made. Therefore, these two motions are also denied.

---

[2] It is unclear who allegedly stole this money – the Averys, Judge Carpenter, or all three.

As a final matter, the Court cautions Plaintiff that any requests for relief must be well grounded in fact and warranted by the law. Any future motions which contain nothing more than conclusory requests may be summarily denied.

Based on the foregoing, it is **ORDERED** that the following Motions to Court are DENIED: ECF Nos. 43, 44, and 45.

DATED this 17th day of June, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge