**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-02103-RM-KLM
(Consolidated with Civil Action No. 20-cv-02501-RM-KLM)

THOMAS JAMES DORN,

      Plaintiff,

v.

VERNA CARPENTER, Judge,
JEFFERSON COUNTY COURT, and
CITY AND COUNTY OF DENVER,

      Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") (ECF No. 47) on the following three Motions to Dismiss: (1) Motion to Dismiss from Defendants Judge Verna Carpenter ("Judge Carpenter") and Jefferson County Court ("JeffCo") (the "Carpenter/JeffCo Motion") (ECF No. 19); (2) Motion to Dismiss Complaint from Defendant Jefferson County Court (the "JeffCo Motion") (ECF No. 29); and (3) City and County of Denver's Renewed Motion to Dismiss (the "Denver Motion") (ECF No. 30). The Magistrate Judge recommends granting all of the Motions to Dismiss and terminating this case. Plaintiff has filed an objection (ECF No. 48), to which Judge Carpenter and JeffCo have filed a response. Plaintiff then filed an "Objection and Summary" (ECF No. 50), which the Court

construes as a reply.[1] The matter is fully briefed. After reviewing the record, and being otherwise

fully advised, the Court finds and orders as follows.

## I.   LEGAL STANDARD

### A.  Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the

magistrate judge's recommendation that is properly objected to. An objection is proper only if it

is sufficiently specific "to focus the district court's attention on the factual and legal issues that

are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.

1996). "In the absence of a timely objection, the district may review a magistrate's report under

any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In

addition, it is well established that "'[i]ssues raised for the first time in objections to the

magistrate judge's recommendation are deemed waived.'" *ClearOne Commc'ns, Inc. v. Biamp

Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27

(10th Cir. 1996)).

### B.  Motions to Dismiss

The Recommendation correctly set forth the standard of review for motions filed under

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and the Court hereby incorporates by reference the standard

set forth therein. (ECF No. 47, pp. 5-8.)

### C.  *Pro Se* Party

The Court construes Plaintiff's filings liberally because he proceeds *pro se*. *See Erickson

v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as

---

[1] Although Plaintiff did not seek leave to file a reply, the Court will consider it in this instance in order to have a complete record of Plaintiff's position.

Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and he is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)).

## II.     BACKGROUND

The Recommendation accurately summarized the background on which these consolidated actions are based. At bottom, these actions arise from Judge Carpenter's issuance of a civil protective order (restraining order) in favor of two individuals whom Plaintiff has sued in a third lawsuit pending before this Court. Plaintiff refers to these two individuals as the "girl" ("Meredith") and her daughter with whom Plaintiff allegedly resided at some point in time. Plaintiff complains of the issuance of this protective order and cobbles together various allegedly wrongful actions which may or may not loosely be related to or arise from this order. For example, Plaintiff contends that his employment and quite enjoyment were somehow interfered with by one or more of the Defendants.

The Magistrate Judge considered Plaintiff's allegations and arguments and recommended the following:

- That, based on Eleventh Amendment Immunity, Carpenter/JeffCo's and JeffCo's Motions to Dismiss be granted as to official capacity claims for monetary damages and injunctive relief and that these claims be dismissed without prejudice;

- That, based on absolute immunity, Carpenter/JeffCo's Motion to Dismiss be granted as to individual capacity claims against Judge Carpenter and that these claims be dismissed with prejudice;

- That, based on the Colorado Governmental Immunity Act, all Defendants' Motions to Dismiss be granted as to state law claims and that such claims be dismissed without prejudice; and

- That, pursuant to Fed. R. Civ. P. 12(b)(6), Denver's Motion to Dismiss be granted to the extent Plaintiff is attempting to assert any claims pursuant to 42 U.S.C. § 1983 and, because Plaintiff appears *pro se*, that these claims be dismissed without prejudice.

And, because no claims would remain if the Recommendation was accepted, the Magistrate Judge recommended the case be terminated. Plaintiff's objection followed.

## III.    DISCUSSION

Even liberally construed, Plaintiff fails to articulate any error or other basis as to why the Recommendation should be not accepted.

Plaintiff states he objects and then proceeds to make a number of arguments, none of which addresses the Magistrate Judge's construction of his claims, analysis of the allegations under applicable law, or legal determinations which support the Recommendation. For example, Plaintiff contends he has evidence he wishes to present. But Plaintiff's contention fails to recognize the application of Rule 12 and how Plaintiff is required to show the Court has subject matter jurisdiction and that he plausibly alleged claims for relief. Similarly, Plaintiff asserts he needs an order from this Court to order "them" (presumably Judge Carpenter and others) to vacate the restraining order but fails to show how this supports any error in the Recommendation.[2] Likewise, Plaintiff asserts he wishes to add new claims for breach of contract but fails to show he should be allowed to do so much less that the addition of such conclusory claims would salvage any existing claim or these actions.

---

[2] Or that this Court has the power to do so.

Plaintiff's reply fares no better. He argues he is seeking damages relating to the restraining order and there is some "conspiracy." He concludes that his lawsuit is justified. The Court finds neither the allegations nor the applicable law supports this conclusion. As Judge Carpenter and JeffCo argue in their response to Plaintiff's objection, Plaintiff wholly fails to address the bases given in the Recommendation for granting their Motion to Dismiss. The same can be said as to the other Motions to Dismiss – Plaintiff fails to address the bases which support granting them as well.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That Plaintiff's objection (ECF No. 48) is OVERRULED;

(2) That the Recommendation (ECF No. 47) is ACCEPTED and ADOPTED as an order of the Court;

(3) That the Motion to Dismiss from Defendants Judge Verna Carpenter and Jefferson County Court (ECF No. 19) is GRANTED and

   (a) That all official capacity claims for monetary damages and injunctive relief are dismissed without prejudice;

   (b) That all individual capacity claims against Judge Carpenter are dismissed with prejudice; and

   (c) That all state law claims are dismissed without prejudice;

(4) That the Motion to Dismiss Complaint from Defendant Jefferson County Court (ECF No. 29) is GRANTED and

(a) That all official capacity claims for monetary damages and injunctive relief are dismissed without prejudice; and

(b) That all state law claims are dismissed without prejudice;

(5) That the City and County of Denver's Renewed Motion to Dismiss (ECF No. 30) is GRANTED and

(a) That all state law claims are dismissed without prejudice; and

(b) That, to the extent Plaintiff is attempting to assert any claims pursuant to 42 U.S.C. § 1983, these claims are dismissed without prejudice;

(6) That the Clerk shall enter JUDGMENT in favor of Defendants and against Plaintiff as stated herein; and

(7) That the Clerk shall close this case and Civil Action No. 20-cv-02501-RM-KLM.

DATED this 5th day of August, 2021.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge